Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50439 | **DATE** | 7/28/2003 |
| **CASE TITLE** | Charles W. Ausler, III vs. Engineered Polymer Solutions, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Engineered Polymer Solutions's motion for summary judgment; plaintiff's cross motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Engineered Polymer Solutions's motion for summary judgment [23] is granted. Plaintiff's cross motion for summary judgment [26] is denied. The court incorporates as final the prior orders dismissing Count II [32] and striking plaintiff's motion for summary judgment [29]. This case is hereby dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 29 2003 | 38 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JUL 28 2003 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Charles W. Ausler, III, filed a two-count complaint alleging that his employer, defendant Engineered Polymer Solutions, terminated him in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, et seq. (Count I), and that his union, United Steel Workers Union, Local 960, breached its duty of fair representation (Count II). Defendant United Steel Workers Union, Local 960, was dismissed from the case with prejudice on plaintiff's motion and without objection. Therefore, only Count I against defendant Engineered Polymer Solutions (hereinafter defendant) remains pending. Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1391(b). Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Plaintiff had 11 "incidents", which were unexcused absences from work, as of May 24, 2001. Under the collective bargaining agreement covering plaintiff's position, the 12th incident would result in his termination. Plaintiff was absent from work on May 25, 2001, for which absence his employment was terminated. The parties agree that if plaintiff's absence was covered by the FMLA, it should not have counted as an incident, and plaintiff should not have been terminated. The parties disagree as to whether that absence was in fact covered by the FMLA.

Shortly before his shift on May 25, 2001 (the Friday before Memorial Day), plaintiff called his supervisor, Lonnie Lambert, to tell him that his stepfather had been in an accident and was going to the hospital. Plaintiff went to the hospital and did not come to work that day. Plaintiff brought a note from a nurse to work on May 28, 2001, and returned to work on May 29, 2001. Plaintiff was told that the absence was his 12th and that unless he had an excuse meeting defendant's criteria he would be terminated pursuant to the attendance policy. Plaintiff obtained a letter from the doctor who treated his stepfather in the emergency room, Dr. Escarza. The letter stated:

> Mr. Charles Ausler was here on 5/25/2001 because his father was involved in an automobile accident. Mr. Ausler stayed with us for approximately 2 hours during tests to make sure that his father was all right. Fortunately, his father suffered no major injuries and was released home. Please excuse Charles Ausler's absence from work on this day.

Plaintiff's employment was terminated based on his absence not qualifying for FMLA leave. He was given the opportunity for reinstatement if he could obtain a contrary certification showing that his absence qualified for FMLA leave prior to October 31, 2001. Plaintiff left the certification form with his father's regular physician, Dr. Coates, on May 30, 2001, but was not able to get that doctor to provide the necessary certification. As plaintiff states in his memorandum, "Plaintiff made numerous attempts after he was terminated to get the FMLA papers from the doctor, but his efforts were to no avail. Plaintiff has never submitted a medical certification establishing that his May 25, 2001 absence qualified for FMLA leave.

As applicable to plaintiff's claim, the FMLA would apply if his stepfather's accident had resulted in injuries involving "inpatient care in a hospital, hospice, or residential medical facility" or "continuing treatment by a health care provider." 29 U.S.C. 2611(11). See 29 U.S.C. § 2612(a)(1)(C), 2611(7). Plaintiff's stepfather was not admitted to the hospital for his injuries, and moreover was not injured so severely as to require continuing treatment by a health care provider. Defendant was justified in concluding based on Dr. Escarza's letter that the absence did not qualify for FMLA leave. Plaintiff never got Dr. Coates to certify that the absence qualified.

Plaintiff contends defendant is estopped from claiming his absence was not covered by the FMLA because defendant did not ask for certification within two business days (waiting until the third business day to make the request). However, plaintiff provided defendant with the note for Dr. Escarza which established his ineligibility for FMLA leave. Moreover, the relevant regulation provides that: "The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave. . . ." 29 C.F.R. § 825.305(c). Thus, the timing of defendant's request for certification does not estop defendant from making the claim that the absence was not covered by the FMLA. See <u>Bell v Jewel Food Store</u>, 83 F. Supp. 2d 951, 957 (N.D. Ill. 2000). Plaintiff also argues that defendant is estopped from claiming his absence was not covered by the FMLA because of representations on which he relied. The purported representations had to do with whether a doctor's note would be sufficient. There is no evidence that plaintiff would have gone to work on May 25, 2001, if the purported representations had not been made; rather, the evidence was that he was going to be with his stepfather at the hospital and was only calling in to let his employer know that is the course he was taking. Therefore, there is no evidence of reliance on the purported representations, and so there can be no estoppel. See <u>Dormeyer v Comerica Bank-Illinois</u>, 223 F.3d 579, 582 (7th Cir. 2000) ("[A]n employer who by his silence misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligiblity . . . .").

Therefore, defendant's motion for summary judgment is granted, and this action is dismissed with prejudice.